**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No.   16-50080 |
| Plaintiff-Appellee, | D.C. No. |
| v. | 2:14-cr-00338-SJO-62 |
| GRADY MYERS, AKA Too Tall, | MEMORANDUM[*] |
| Defendant-Appellant. |  |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Argued and Submitted August 10, 2017
Pasadena, California

Before:  REINHARDT, KOZINSKI, and CHRISTEN, Circuit Judges.

To the extent a plea agreement is capable of more than one interpretation, we "constru[e] any ambiguities in the defendant's favor." *United States v. Heredia*, 768 F.3d 1220, 1230 (9th Cir. 2014).  Accordingly, the government breached paragraph 30 of the plea agreement because it argued for the higher drug quantity,

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

FILED

AUG 23 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

at several points, thereby encouraging the court to impose a higher sentence. In light of this breach, "we must remand this matter to a different judge, although in doing so we 'intend no criticism of the district judge by this action, and none should be inferred.'" *United States v. Whitney*, 673 F.3d 965, 976 (9th Cir. 2012) (quoting *United States v. Johnson*, 187 F.3d 1129, 1136 n.7 (9th Cir. 1999)).

A minimal or minor participant adjustment under § 3B1.2 is available if the defendant was substantially less culpable than his co-participants. *United States v. Cantrell*, 433 F.3d 1269, 1283 (9th Cir. 2006). The district court failed to compare Myers's conduct to that of his co-conspirators. That was error and, on remand, the district court shall reconsider Myers's eligibility for a mitigating role reduction.

We vacate Myers's sentence and remand for re-sentencing before a different district court judge.

**VACATED and REMANDED.**